FILED
2006 Sep-06 PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

A CERTIFIED TRUE COPY

AUG 2 4 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 4 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

## DOCKET NO. 1782

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PHARMACY BENEFIT MANAGERS ANTITRUST LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### TRANSFER ORDER

     This litigation presently consists of six actions listed on the attached Schedule A as follows: two actions each in the Northern District of Alabama and the Eastern District of Pennsylvania and one action each in the Northern District of California and the Northern District of Illinois. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by plaintiffs in one Pennsylvania action seeking centralization of all actions in the Eastern District of Pennsylvania. Plaintiffs in the California action support the motion. Medco Health Solutions, Inc. (Medco), its former parent Merck & Co., Inc., (Merck) and PAID Prescriptions LLC (PAID)[1] support centralization of the actions in which they are defendants (three of the six actions before the Panel) in the Eastern District of Pennsylvania. The Alabama and Illinois plaintiffs agree that centralization is appropriate, but suggest the Northern District of Alabama as transferee district. Defendants ExpressScripts, Inc.; Caremark RX and Caremark Inc.; and AdvancePCS[2] oppose centralization. If the Panel deems centralization appropriate, they suggest selection of the Northern District of Illinois as transferee district.

     On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise out of allegations that certain conduct by the pharmacy benefit manager (PBM) defendants–including the negotiation of rates for the sale of prescription drugs

---

     [*] Judges Motz and Miller did not participate in the decision of this matter.

     [1] Merck and Medco inform the Panel that PAID has merged with Medco and is no longer a separate entity.

     [2] AdvancePCS has been recently acquired by Caremark RX and is now known as CaremarkPCS.

- 2 -

by retail pharmacies–violated the federal antitrust laws. Centralizing these actions is desirable in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings (especially on the issue of class certification), and conserve the resources of the parties, their counsel and the judiciary. *See In re Managed Care Litigation*, 2000 U.S. Dist. LEXIS 15927 (J.P.M.L. Oct. 23, 2000).

Opposing defendants argue that unique questions of fact relating to each PBM should produce a different result. We are unpersuaded by this argument. While the contracts between each plan sponsor/PBM will spawn some unique discovery, all plaintiffs allege that these contracts create a price-fixing conspiracy. Moreover, all actions can be expected to focus on similar PBM practices and procedures. Some plaintiffs also allege that the PBMs conspired with each other to further the price-fixing conspiracies. Transfer to a single district under Section 1407 has the salutary effect of placing all actions before one court which can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL-1782 transferee court can employ any number of pretrial techniques–such as establishing separate discovery and/or motion tracks–to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378, 1384-85 (J.P.M.L. 1974).

Given the geographic dispersal of constituent actions, any of the suggested transferee districts would be an appropriate transferee forum. We are persuaded that the Eastern District of Pennsylvania, where two actions are currently pending, has the experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to that district and, with the consent of that court, assigned to the Honorable John P. Fullam for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

*[signature]*

Wm. Terrell Hodges
Chairman

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF PENNSYLVANIA
US COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1797

MICHAEL E. KUNZ
CLERK OF COURT

August 28, 2006

CLERK'S OFFICE
ROOM 2609
TELEPHONE
(215) 597-7704

Perry D. Mathis, Clerk
U.S. District Court
Northern District of Alabama
U.S. Post Office and Courthouse
101 Holmes Avenue, N.E.
Huntsville, AL 35801

RE: MDL 1782 - PHARMACY BENEFIT MANAGERS
C.A. 5:03-2696 (North Jackson Pharmacy, Inc., et al) VEH
C.A. 5:03-2697 (North Jackson Pharmacy, Inc., et al) VEH

Dear Clerk:

Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation directing the transfer of the above Civil Action to this district under 28 U.S.C. §1407.

Please enclose a certified copy of the docket entries and a certified copy of the transmittal order when forwarding the original record. Receipt of this order may be acknowledged on the copy of this letter.

Very truly yours,

MICHAEL E. KUNZ
Clerk of Court

By: _____
Sharon Carter, Deputy Clerk
Multidistrict Litigation

enclosure

mdl2